# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

Johnathan Jones

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

FILED
IN CLERK'S OFFICE
2025 APR -2 PM 2: 13
U.S. DISTRICT COURT
DISTRICT OF MASS.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. I am Johnathan Jones. I bring this action against Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Experian generated my consumer disclosure on June 27, 2025 (Report No. 1821-0265-24) and failed to clearly and accurately disclose all information in my file as required by 15 U.S.C. § 1681g(a)(1). Experian also reported inaccurate information about my accounts to third parties in violation of its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b). In addition, Experian furnished my consumer report to Transworld Systems Inc. on at least three separate occasions without a permissible purpose, in violation of 15 U.S.C. § 1681b.

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because I reside in this district and the acts and omissions giving rise to my claims occurred in this district.

## PARTIES

4. I, Johnathan Jones, am a natural person residing in Dorchester, Massachusetts, and a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) in that, for monetary fees and on a cooperative nonprofit basis, it regularly engages in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, using means and facilities of interstate commerce. Experian is aware of its obligations under the FCRA.

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

truncated; Balance field blank; Balance Updated blank; Recent Payment blank; Monthly Payment blank.

e. Credit One Bank (Account No. 379363XXXXXXXXX): Account number truncated; Balance field blank; Balance Updated blank; Recent Payment blank; Monthly Payment blank.

f. Discover Card (Account No. 601100XXXXXXXXXX): Account number truncated; Recent Payment blank; Monthly Payment blank; Terms blank.

g. EdFinancial Services LLC -- Three Separate Loan Accounts (all truncated to Account No. 147403XXXXXXXXXXXXXXXXX): All three loans, which have different original balances ($5,500 / $2,540 / $4,376), different open dates (12/01/1994 / 07/23/1995 / 11/13/1995), and different payment histories, are displayed in the disclosure with the identical truncated account number. This makes it impossible for me to distinguish which account entry corresponds to which loan, identify the correct account for dispute purposes, or verify the accuracy of each loan individually against my own records. Highest Balance, Balance, Recent Payment, and Monthly Payment fields are blank for all three loans.

h. SYNCB/TJX COS (Account No. 604585XXXXXXXXXX): Account number truncated; Balance field blank; Balance Updated blank; Recent Payment blank; Monthly Payment blank.

i. The Home Depot/Citibank (Account No. 603532XXXXXXXXXX): Account number truncated; Balance field blank; Recent Payment blank; Monthly Payment blank; Balance Updated blank.

10. On information and belief, each of the data furnishers identified in Paragraph 9 reported full account numbers and the complete account detail fields to Experian, and that information was contained within Experian's file regarding me at the time of my June 27, 2025 request.

11. Experian's disclosure was generated using a template that extracts database information from my file and populates it into a consumer disclosure form. On information and belief, that same template is used virtually every time a consumer requests their file from Experian through annualcreditreport.com. Experian's automated system routinely omits or truncates account numbers

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## FACTUAL ALLEGATIONS

### I. My Experian Consumer Disclosure

6. On June 27, 2025, I requested and received a copy of my consumer disclosure from Experian through the annualcreditreport.com portal. Experian generated that disclosure bearing Report No. 1821-0265-24.

7. Pursuant to 15 U.S.C. § 1681g(a)(1), upon receiving my request, Experian was required to clearly and accurately disclose to me all information in my file at the time of the request.

8. Experian's June 27, 2025 disclosure contains thirteen tradelines and multiple hard inquiries. As detailed below, Experian systematically withheld account numbers, payment history data, and account detail fields that the furnishers had reported to Experian and that were contained in my file at the time of the request.

### II. Missing and Incomplete File Disclosure

9. Experian's June 27, 2025 disclosure omits or truncates the following specific data for the following accounts:

a. Barclays Bank Delaware (Account No. 000518XXXXXXXXXX): Account number truncated to the last six digits; Reported Balance field blank; Available Credit field blank; Account Status field blank.

b. Capital One (Account No. 517805XXXXXXXXXX): Account number truncated to six visible digits; Recent Payment field blank; Terms field blank.

c. Capital One Auto Finance (Account No. 620414XXXXXXXXXXXX): Account number truncated; Balance field blank; Balance Updated blank; Recent Payment blank; Monthly Payment blank; Highest Balance blank.

d. ComenityCapitalBank/Burlington (Account No. 778840XXXXXXXXXX): Account number

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

and other account detail fields that the data furnishers reported to Experian, and that are present in Experian's database, even though Experian includes complete account numbers and account details in the reports it sells to third-party creditors.

12. The FTC Advisory Opinion to Darcy (June 30, 2000) states that a CRA that always scrambles or truncates account numbers does not technically comply with Section 609 because it does not provide accurate disclosure of all information in the file.

13. The failure to disclose full account numbers and complete account detail fields significantly diminished my ability to understand my consumer disclosure, identify the accounts listed, and compare those accounts against my own records. With respect to the three EdFinancial accounts sharing an identical truncated account number, I cannot identify which tradeline is which or verify the accuracy of the payment history for each separate loan without the distinguishing account information that Experian possesses but withheld.

14. Experian's failure to disclose all information in my file deprived me of my statutory right to a clear and accurate file disclosure under 15 U.S.C. § 1681g(a)(1). This deprivation constitutes an informational injury sufficient to support standing under Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), in that the denial of information to which I am statutorily entitled is itself a concrete injury in fact regardless of any downstream consequence.

15. The incomplete disclosure caused me frustration and emotional distress as I attempted to understand and verify the information in my credit file, and I spent substantial time investigating the omissions and attempting to identify my accounts from the truncated data provided.

### III. Inaccurate Information Reported to Third Parties

16. In addition to the disclosure deficiencies, Experian reported inaccurate information about two of my accounts to third-party creditors and others who received my consumer report.

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

### A. Barclays Bank Delaware — Balance Reported in Excess of Credit Limit

17. The Barclays Bank Delaware tradeline (Account No. 000518XXXXXXXXX) reflects a credit limit of $6,000. The balance reported by Experian as of June 2025 is $7,509, which is $1,509 in excess of the stated credit limit. The balance history in the report confirms that the balance climbed above $6,000 while the credit limit remained at $6,000 throughout the period from July 2024 through May 2025, as stated in the report's own "Additional info" section. Experian reported this tradeline to third parties showing a current balance of $7,509 against a credit limit of $6,000 without any documentation of an authorized over-limit condition, a temporary credit line increase, or any other basis for a balance that exceeds the established limit.

18. This specific inaccuracy in the balance-to-limit relationship, as presented in the consumer report furnished to third parties, presents a misleading picture of this account and my creditworthiness.

### B. The Home Depot/Citibank — Balance Reported in Excess of Credit Limit

19. The Home Depot/Citibank tradeline (Account No. 603532XXXXXXXXX) reflects a credit limit of $800 during the period from October 2024 through February 2025, as confirmed by the report's own "Additional info" section. The balance history shows a January 2025 balance of $924, which exceeds the $800 credit limit by $124. Experian reported this tradeline to third parties showing a January 2025 balance of $924 against a credit limit of $800 with no documentation of any authorized over-limit condition or credit line increase during that period.

20. This specific inaccuracy in the balance-to-limit relationship, as presented in the consumer report furnished to third parties, presents a misleading picture of this account and my creditworthiness.

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## V. Experian's Willful Conduct

25. Experian's failure to provide complete file disclosures is not an isolated data entry error. On information and belief, Experian has known for years that its consumer disclosure template systematically omits account numbers and account detail fields that furnishers report to Experian. Experian knowingly continues to use this template because its automated system is not designed to include the full data in the consumer-facing disclosure, even though that same data is included in the consumer reports Experian sells to third parties for profit.

26. Experian's failure to follow reasonable procedures to assure maximum possible accuracy in reporting the Barclays, Home Depot, and Discover tradelines to third parties similarly reflects a systemic failure to cross-check reported balances against reported credit limits or to resolve internally contradictory data before furnishing consumer reports.

27. Under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), a defendant acts willfully under the FCRA when it knowingly or recklessly disregards its statutory obligations. Experian's continued use of a disclosure template it knows to be deficient, and its continued reporting of accounts with balance-to-limit discrepancies without resolution, constitutes reckless disregard of its obligations under 15 U.S.C. § 1681g(a)(1) and § 1681e(b).

## COUNT I

## VIOLATION OF 15 U.S.C. § 1681g(a)(1)

## FAILURE TO CLEARLY AND ACCURATELY DISCLOSE ALL FILE INFORMATION

28. I adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

29. 15 U.S.C. § 1681g(a)(1) requires Experian, upon my request, to clearly and accurately disclose to me all information in my file at the time of the request.

Case 1:26-cv-11559-PGL    Document 1    Filed 04/02/26    Page 8 of 14

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

### C. Discover Card -- Contradictory Duplicate Balance Entries

21. The Discover Card tradeline (Account No. 601100XXXXXXXXXX) contains two separate and contradictory balance entries for the month of July 2024: one entry states a balance of $9,488 with a scheduled payment of $278 and a payment of $0 dated 7/14/2024; a second entry for the same month states a balance of $9,675 with a scheduled payment of $265 and a payment of $0 dated 6/6/2024. These are two different figures for a single calendar month with no explanation.

22. The Discover Card tradeline also contains two separate and contradictory balance entries for the month of September 2023: one entry states a balance of $7,672 with a scheduled payment of $225; a second entry for the same month states a balance of $7,487 with a scheduled payment of $227. Both reference the same payment date of 8/31/2023.

23. These duplicate, contradictory entries for the same calendar months cannot both be accurate. Experian disseminated this tradeline to third parties containing internally contradictory monthly balance and payment records, which presents a confused and inaccurate picture of the payment history on this account.

## IV. Third-Party Dissemination of My Consumer Report

24. Experian's inquiry log in my June 27, 2025 disclosure reflects that Transworld Systems Inc., a debt collection servicer, pulled my consumer report on February 18, 2025, June 15, 2025, and June 16, 2025. There is no corresponding account for Transworld Systems Inc. in my consumer file. These pulls constitute dissemination of my consumer report -- including the inaccurate and incomplete tradeline data described above -- to a third party. Under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), this dissemination to a third party creditor or collector establishes that the inaccurate and incomplete information in my file was not merely in a database but was actually published to an external party, causing me a concrete injury in fact.

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

30. I requested my consumer disclosure from Experian on June 27, 2025 and received Report No. 1821-0265-24.

31. Experian violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information in my file. Specifically, as set forth in Paragraphs 9 through 13 above, Experian omitted or truncated full account numbers for at least nine tradelines, presented three separate EdFinancial loan accounts with an identical truncated account number making individual identification impossible, and omitted balance, credit limit, payment, and other account detail fields for multiple accounts -- all of which information was reported by the furnishers to Experian and was contained within my file at the time of my request.

32. As a direct result of Experian's violation, I suffered an informational injury in fact in the form of being deprived of my statutory right to a complete and accurate file disclosure. I also suffered emotional distress and spent substantial time attempting to identify and verify my accounts from the incomplete data Experian provided.

33. Experian's conduct was willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), in that Experian knowingly or recklessly used a consumer disclosure template it knew to be deficient. Experian is therefore liable to me for the greater of my actual damages or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), plus costs pursuant to 15 U.S.C. § 1681n(a)(3).

34. In the alternative, Experian's conduct was negligent within the meaning of 15 U.S.C. § 1681o, and Experian is therefore liable to me for my actual damages plus costs pursuant to 15 U.S.C. § 1681o(a).

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## COUNT II

### VIOLATION OF 15 U.S.C. § 1681e(b)

### FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY

35. I adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

36. 15 U.S.C. § 1681e(b) requires Experian, whenever it prepares a consumer report, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

37. Experian violated 15 U.S.C. § 1681e(b) by reporting inaccurate information about my accounts to third parties, including Transworld Systems Inc. on February 18, 2025, June 15, 2025, and June 16, 2025, as follows:

a. Experian reported the Barclays Bank Delaware account (No. 000518XXXXXXXXX) with a current balance of $7,509 against a credit limit of $6,000. The balance exceeded the credit limit by $1,509 with no documentation of any authorized over-limit condition, creating a specific inaccuracy in the account's balance-to-limit relationship as presented in my consumer report.

b. Experian reported the Home Depot/Citibank account (No. 603532XXXXXXXXXX) with a January 2025 balance of $924 against a credit limit of $800. The balance exceeded the credit limit by $124 during a period when the report's own data confirms the credit limit was $800, with no documentation of any authorized over-limit condition.

c. Experian reported the Discover Card account (No. 601100XXXXXXXXXX) with two contradictory balance and payment entries for July 2024 ($9,488 and $9,675 respectively) and two contradictory entries for September 2023 ($7,672 and $7,487 respectively). These internally inconsistent entries cannot both be accurate and present a confused and inaccurate picture of the payment history on this account.

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## COUNT III

## VIOLATION OF 15 U.S.C. § 1681b

## FURNISHING CONSUMER REPORT WITHOUT PERMISSIBLE PURPOSE

42. I adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

43. 15 U.S.C. § 1681b limits the permissible purposes for which a consumer reporting agency may furnish a consumer report. A consumer reporting agency may furnish a consumer report only under the circumstances set forth in 15 U.S.C. § 1681b(a), including in connection with a credit transaction involving the consumer, for employment purposes with the consumer's written consent, or pursuant to another specifically enumerated permissible purpose.

44. My June 27, 2025 Experian disclosure reflects that Transworld Systems Inc. obtained my consumer report from Experian on February 18, 2025, June 15, 2025, and June 16, 2025. Transworld Systems Inc. is a debt collection servicer. There is no corresponding account for Transworld Systems Inc. in my consumer file.

45. I did not initiate any credit application with Transworld Systems Inc., did not provide written consent for Transworld Systems Inc. to obtain my consumer report, and am not aware of any other permissible purpose that would authorize Transworld Systems Inc. to access my consumer report on those dates.

46. By furnishing my consumer report to Transworld Systems Inc. on February 18, 2025, June 15, 2025, and June 16, 2025 without a permissible purpose, Experian violated 15 U.S.C. § 1681b.

47. As a direct result of Experian's violation, my consumer report was furnished to a debt collection entity without my knowledge or consent, causing me concrete harm including the dissemination of my personal credit information to a third party I did not authorize to receive it, and causing me emotional distress upon discovering those unauthorized pulls.

48. Experian's conduct was willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Experian is therefore liable to me for the greater of my

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## DEMAND FOR JURY TRIAL

I demand a jury trial on all issues so triable.

Respectfully submitted,

Johnathan Jones

Pro Se Plaintiff

100 Crestwood Park

Dorchester, MA 02121-1131

941-518-7897

jaebarnes15@gmail.com

Dated: March 27, 2026

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

38. Each of these inaccuracies resulted from Experian's failure to follow reasonable procedures to assure maximum possible accuracy, including the failure to compare reported balances against reported credit limits before furnishing consumer reports and the failure to resolve internally contradictory tradeline data before reporting it to third parties.

39. As a result of Experian's violations, my consumer report was furnished to third parties -- including Transworld Systems Inc. -- containing inaccurate information about my accounts, causing me a concrete injury in fact under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021). I also suffered emotional distress and reputational harm from the dissemination of inaccurate account information to third parties.

40. Experian's conduct was willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Experian is therefore liable to me for the greater of my actual damages or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), plus costs pursuant to 15 U.S.C. § 1681n(a)(3).

41. In the alternative, Experian's conduct was negligent within the meaning of 15 U.S.C. § 1681o, and Experian is therefore liable to me for my actual damages plus costs pursuant to 15 U.S.C. § 1681o(a).

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

actual damages or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), plus costs pursuant to 15 U.S.C. § 1681n(a)(3).

49. In the alternative, Experian's conduct was negligent within the meaning of 15 U.S.C. § 1681o, and Experian is therefore liable to me for my actual damages plus costs pursuant to 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, I respectfully request that this Court enter judgment in my favor against Experian Information Solutions, Inc. and award the following relief:

a. The greater of my actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A), for each willful violation of the FCRA;

b. Punitive damages in an amount to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2), for Experian's willful violations of the FCRA;

c. My actual damages pursuant to 15 U.S.C. § 1681o(a)(1), in the alternative, for any violations found to be negligent rather than willful;

d. Costs of suit pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

e. Such other and further relief as this Court deems just and proper.